Docusign Envelope ID: C14858BA-05AD-4C33-A6FF-7869629F129E
Case 2:24-cv-01648-MJP     Document 10     Filed 12/03/24     Page 1 of 16
Case 2:24-cv-01648-MJP     Document 9     Filed 11/26/24     Page 1 of 7

1  Brian W. Esler, WSBA No. 22168
   brian.esler@millernash.com
2  Miller Nash LLP
   605 5th Ave S, Ste 900
3  Seattle WA 98104
   Phone: (206) 777-7415
4
   Delfina S. Homen (admitted *pro hac vice*)
5  delfina.homen@millernash.com
   Miller Nash LLP
6  1140 SW Washington St, Ste 700
   Portland, OR 97205
7  Phone: (503) 224-5858

8  *Attorneys for Plaintiff*

9

10

11
                    UNITED STATES DISTRICT COURT
12                 WESTERN DISTRICT OF WASHINGTON

13
   GOOD TRUBBLE LLC, a California limited        Case No. 2:24-cv-01648-MJP
14 liability company,
                                                 STIPULATED MOTION FOR ENTRY OF
15              Plaintiff,                        CONSENT JUDGMENT AND
                                                 PERMANENT INJUNCTION
16     v.

17 NGUYEN THI HOA, an individual, and
   DOES 1-10,
18
                Defendants.
19

20        **STIPULATION AND MOTION FOR ENTRY OF JUDGMENT**

21        Defendant Nguyen Thi Hoa ("Defendant") and Plaintiff Good Trubble LLC ("Plaintiff"),

22 themselves and through undersigned counsel, respectively, hereby stipulate as follows and

23 jointly move that the Court enter the proposed Order and the Consent Judgment and Permanent

24
   Injunction attached as Attachment A to the Order, based on the following stipulations between
25
   the parties:
26

   Stipulated Motion for Entry of Consent Judgment        **Miller Nash LLP**
   and Permanent Injunction - 1                           605 5th Ave S., Suite 900
   Case No. 2:24-cv-01648-MJP                             Seattle WA 98104
                                                           206.624.8300 | Fax: 206.340.9599

Docusign Envelope ID: C14658BA-9E4D-4C99-A9EF-7B6B629D129E

Case 2:24-cv-01648-MJP    Document 10    Filed 12/03/24    Page 2 of 16
Case 2:24-cv-01648-MJP    Document 9    Filed 11/26/24    Page 2 of 7

1.  This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendant.

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

3.  Plaintiff is the owner of all right, title, and interest, including any and all copyright rights, in and to Plaintiff's Copyrighted Work. Plaintiff is the owner of valid and subsisting United States Copyright Registration No. VA 2-231-138 for the Copyrighted Work, issued by the United States Copyright Office on January 13, 2021, with an effective registration date of October 16, 2020.

4.  Defendant acknowledges and agrees that Plaintiff owns valid copyright rights in the Copyrighted Work and waives the right to challenge Plaintiff's ownership of those rights in any future proceedings.

5.  Without Plaintiff's authorization and without any remuneration to Plaintiff, Defendant manufactured, published, printed, and sold, or caused to be manufactured, published, printed, and sold, certain merchandise incorporating the Copyrighted Work or derivatives thereof (the "Infringing Products"), which feature imagery identical to, substantially similar to, and/or derivative of the Copyrighted Work. Defendant has offered, distributed, and/or sold the Infringing Products through at least Amazon.com.

6.  The foregoing conduct by Defendant constitutes infringement of Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

7.  As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained substantial, immediate, and irreparable injury, and is entitled to damages and an injunction pursuant to 17 U.S.C. §§ 502-505.

8.  Judgment should thus be entered against Defendant on Count One of Plaintiff's Complaint for copyright infringement under the United States Copyright Act.

Stipulated Motion for Entry of Consent Judgment
and Permanent Injunction - 2
Case No. 2:24-cv-01648-MJP

**Miller Nash LLP**
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

9. Defendant hereby waives any and all right to an appeal from the Consent Judgment and Permanent Injunction.

10. The Consent Judgment and Permanent Injunction will be a final judgment on the merits of Plaintiff's claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

11. The consent judgment is being entered into by the parties for the purpose of settlement and is without admission by Defendant as to liability or any of the allegations of the Complaint in this action, or as to any matters arising out of the Complaint. However, nothing in this paragraph shall be construed as diminishing or otherwise affecting Defendant's obligations and responsibilities under the Consent Judgment and Permanent Injunction.

12. Defendant, together with all of Defendant's officers, directors, agents, servants, employees, representatives, affiliates, successors, and assigns, and all other persons, firms, or companies in active concert or participation with Defendant, should be permanently enjoined and restrained from directly or indirectly:

   A. manufacturing, distributing, marketing, advertising, promoting, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, or sell the Infringing Products and any other products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work;

   B. reproducing, distributing, performing, or publicly displaying the Copyrighted Work, creating any derivative works based on the Copyrighted Work, or engaging in any activity that infringes Plaintiff's rights in the Copyrighted Work; and

   C. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).

13. Defendant should be ordered to, at Defendant's own cost and without receipt of any compensation from Plaintiff, destroy or deliver up for destruction all materials in

Stipulated Motion for Entry of Consent Judgment
and Permanent Injunction - 3
Case No. 2:24-cv-01648-MJP

**Miller Nash LLP**
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

1    Defendant's possession, custody, or control used by Defendant in connection with

2    Defendant's infringing conduct, including without limitation all remaining inventory of

3    the Infringing Products and any other products and works that embody any reproduction

4    or other copy or colorable imitation of the Copyrighted Work, as well as all means for

5    manufacturing them. Such destruction or delivery should occur within ten (10) days of

6    entry of the Consent Judgment and Permanent Injunction, and Defendant shall provide

7    photographic evidence of such destruction of anything not delivered to Plaintiff.

8    14. Defendant should be ordered, at its own expense, to: (a) recall the Infringing Products

9    from any manufacturers, distributors, retailers, vendors, or others that have distributed the

10   Infringing Products on Defendant's behalf; (b) recall from any third parties any products,

11   works, or other materials that include, copy, are derived from, or otherwise embody the

12   Infringing Products or the Copyrighted Work; and (c) destroy or deliver up for

13   destruction all materials returned to it. Such actions should be taken within ten (10) days

14   of entry of the Consent Judgment and Permanent Injunction.

15   15. Defendant should be ordered to file with the Court and serve upon Plaintiff's counsel

16   within twenty (20) days after entry of this Consent Judgment and Permanent Injunction a

17   report in writing, under oath, setting forth in detail the manner and form in which

18   Defendant has complied with the terms of the Consent Judgment and Permanent

19   Injunction.

20   16. Defendant should be ordered to pay Plaintiff the total sum of one thousand seven hundred

21   and forty-nine dollars (US $1,749) in the time and manner prescribed by the parties'

22   settlement agreement.

23   17. If Defendant is found by the Court to be in contempt of, or otherwise to have violated the

24   Consent Judgment and Permanent Injunction, the parties agree that Plaintiff shall be

25   entitled to all available relief which it may otherwise request from the Court, including

26

Stipulated Motion for Entry of Consent Judgment
and Permanent Injunction - 4
Case No. 2:24-cv-01648-MJP

**Miller Nash LLP**
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

18. The Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors, assigns, and acquiring companies.

19. This permanent injunction is binding against the Defendant worldwide, without regard to the territorial scope of the specific intellectual property rights asserted in the Complain of the above-captioned case and may be enforced in any court of competent jurisdiction wherever Defendant or their assets may be found.

20. The parties irrevocably and fully waive notice of entry of this Consent Judgment and Permanent Injunction and notice and service of the entered Consent Judgment and Permanent Injunction. Plaintiff is not required to post any bond or security in connection with this Consent Judgment and Permanent Injunction, and Defendant has permanently, irrevocably, and fully waived any right to request a bond or security.

21. The Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction and awarding damages or other relief for violations thereof.

22. Nothing contained in the Consent Judgment and Permanent Injunction shall limit the right of Plaintiff to seek relief, including without limitation damages, for any and all infringements of intellectual property rights occurring after the date of the Consent Judgment and Permanent Injunction.

23. The permanent injunction shall remain in full force and effect unless and until modified by order of this Court.

24. The parties hereby stipulate to entry of judgment on the terms stated herein.

SO STIPULATED AND MOVED, BY DEFENDANT AND THROUGH COUNSEL OF RECORD FOR PLAINTIFF.

Stipulated Motion for Entry of Consent Judgment
and Permanent Injunction - 5
Case No. 2:24-cv-01648-MJP

**Miller Nash LLP**
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

Docusign Envelope ID: C14658BA-0E40-4C90-A5EE-7B6B629B129E

1       DATED this 26th day of November, 2024

2

3                                   MILLER NASH LLP

4

5                                   /s/ Delfina S. Homen
                                    Brian W. Esler, P.C., WSBA No. 22168
6                                   605 5th Ave S., Suite 900
                                    Seattle, WA 98104
7                                   brian.esler@millernash.com
                                    (206) 624-8300

8                                   Delfina S. Homen (admitted *pro hac vice*)
9                                   1140 SW Washington St, Ste 700
                                    Portland, OR 97205
10                                  delfina.homen@millernash.com
                                    (503) 224-5858

11                                  Attorneys for Plaintiff
12                                  Good Trubble LLC

13
                                    ┌─ Signed by:
14                                  │  Nguyen Thi Hoa
                                    └─ 8C1844DE4C22463...
15                              By: _____
                                    Nguyen Thi Hoa
16                                  nthoa200698@gmail.com

17                                  *Defendant*

18

19

20

21

22

23

24

25

26

Stipulated Motion for Entry of Consent Judgment
and Permanent Injunction - 6
Case No. 2:24-cv-01648-MJP

1

## **ORDER**

2

        PURSUANT TO STIPULATION, IT IS SO ORDERED. The Clerk is directed to enter

3

judgment against Defendant Nguyen Thi Hoa and in favor of Plaintiff Good Trubble LLC in

4

conformity with the stipulations above, and in the form of Attachment A to this Order.

5

6

7        *December 3, 2024*

Dated: November ____, 2024

8                                                              HONORABLE MARSHA J. PECHMAN
                                                               UNITED STATES DISTRICT JUDGE

9

10    4879-3839-9991.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Stipulated Motion for Entry of Consent Judgment
and Permanent Injunction - 7
Case No. 2:24-cv-01648-MJP

**Miller Nash LLP**
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

# ATTACHMENT A

1  Brian W. Esler, WSBA No. 22168
   brian.esler@millernash.com
2  Miller Nash LLP
   605 5th Ave S, Ste 900
3  Seattle WA 98104
   Phone: (206) 777-7415
4
   Delfina S. Homen (admitted *pro hac vice*)
5  delfina.homen@millernash.com
   Miller Nash LLP
6  1140 SW Washington St, Ste 700
   Portland, OR 97205
7  Phone: (503) 224-5858

8  *Attorneys for Plaintiff*

9

10

11                        UNITED STATES DISTRICT COURT
12                       WESTERN DISTRICT OF WASHINGTON

13
   GOOD TRUBBLE LLC, a California limited        Case No. 2:24-cv-01648-MJP
14 liability company,
                                                 CONSENT JUDGMENT AND
15              Plaintiff,                        PERMANENT INJUNCTION

16       v.

17 NGUYEN THI HOA, an individual, and
   DOES 1-10,
18
                Defendants.
19

20
         WHEREAS, this action was commenced on October 10, 2024, by the filing of the
21
   Summons and Complaint;
22
         WHEREAS, in the Complaint, Plaintiff Good Trubble LLC ("Plaintiff") seeks injunctive
23
   relief and monetary damages against Defendant Nguyen Thi Hoa ("Defendant") for infringement
24
   of Plaintiff's copyright in Plaintiff's copyrighted work titled "That Little Girl Was Me" (the
25
   "Copyrighted Work") under the United States Copyright Act of 1976, as amended (the
26
   "Copyright Act"), 17 U.S.C. § 101 et seq.;

   Consent Judgment and Permanent Injunction    - 1       **Miller Nash LLP**
   Case No. 2:24-cv-01648-MJP                              605 5th Ave S., Suite 900
                                                           Seattle WA 98104
                                                           206.624.8300 | Fax: 206.340.9599

Docusign Envelope ID: C14658BA-2522-4C99-A6E5-78506C9DF129E

WHEREAS, Defendant now stipulates and consents to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

NOW THEREFORE, upon consent of the parties hereto, it is

**HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendant.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff is the owner of all right, title, and interest, including any and all copyright rights, in and to Plaintiff's Copyrighted Work. Plaintiff is the owner of valid and subsisting United States Copyright Registration No. VA 2-231-138 for the Copyrighted Work, issued by the United States Copyright Office on January 13, 2021, with an effective registration date of October 16, 2020.

4. Defendant acknowledges and agrees that Plaintiff owns valid copyright rights in the Copyrighted Work and waives the right to challenge Plaintiff's ownership of those rights in any future proceedings.

5. Without Plaintiff's authorization and without any remuneration to Plaintiff, Defendant manufactured, published, printed, and sold, or caused to be manufactured, published, printed, and sold, certain merchandise incorporating the Copyrighted Work or derivatives thereof (the "Infringing Products"), which feature imagery identical to, substantially similar to, and/or derivative of the Copyrighted Work. Defendant has offered, distributed, and/or sold the Infringing Products through at least Amazon.com.

**Miller Nash LLP**
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

Case 2:24-cv-01648-MJP    Document 10    Filed 12/03/24    Page 11 of 16
Docusign Envelope ID: C44658BA-D54D-4C99-A6E5-7855690F129F
Case 2:24-cv-01648-MJP    Document 9-1    Filed 11/26/24    Page 4 of 8

6. The foregoing conduct by Defendant constitutes infringement of Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

7. As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained substantial, immediate, and irreparable injury, and is entitled to damages and an injunction pursuant to 17 U.S.C. §§ 502-505.

8. The Court hereby enters judgment against Defendant on Count One of Plaintiff's Complaint for copyright infringement under the United States Copyright Act.

9. Defendant hereby waives any and all right to an appeal from this Consent Judgment and Permanent Injunction.

10. This Consent Judgment and Permanent Injunction constitutes a final judgment on the merits of Plaintiff's claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

11. This consent judgment is entered into by the parties for the purpose of settlement and is without admission by Defendant as to liability or any of the allegations of the Complaint in this action, or as to any matters arising out of the Complaint. However, nothing in this paragraph shall be construed as diminishing or otherwise affecting Defendant's obligations and responsibilities under this Consent Judgment and Permanent Injunction.

12. Defendant, together with all of Defendant's officers, directors, agents, servants, employees, representatives, affiliates, successors, and assigns, and all other persons, firms, or companies in active concert or participation with Defendant, are permanently enjoined and restrained from directly or indirectly:

**Miller Nash LLP**
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

     A.  manufacturing, distributing, marketing, advertising, promoting, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, or sell the Infringing Products and any other products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work;

     B.  reproducing, distributing, performing, or publicly displaying the Copyrighted Work, creating any derivative works based on the Copyrighted Work, or engaging in any activity that infringes Plaintiff's rights in the Copyrighted Work; and

     C.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).

13. Defendant, at Defendant's own cost and without receipt of any compensation from Plaintiff, Defendant shall destroy or deliver up for destruction all materials in Defendant's possession, custody, or control used by Defendant in connection with Defendant's infringing conduct, including without limitation all remaining inventory of the Infringing Products and any other products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Work, as well as all means for manufacturing them. Such destruction or delivery shall occur within ten (10) days of entry of this Consent Judgment and Permanent Injunction, and Defendant shall provide photographic evidence of such destruction of anything not delivered to Plaintiff.

14. Defendant, at its own expense, shall: (a) recall the Infringing Products from any manufacturers, distributors, retailers, vendors, or others that have distributed the Infringing Products on Defendant's behalf; (b) recall from any third parties any products,

Consent Judgment and Permanent Injunction    - 4
Case No. 2:24-cv-01648-MJP

**Miller Nash LLP**
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

Case 2:24-cv-01648-MJP    Document 10    Filed 12/03/24    Page 13 of 16

Docusign Envelope ID: C14858BA-0E4B-4C99-A6EE-7858690F129E Case 2:24-cv-01648-MJP    Document 9-1    Filed 11/26/24    Page 6 of 8

works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Products or the Copyrighted Work; and (c) destroy or deliver up for destruction all materials returned to it. Such actions shall be taken within ten (10) days of entry of this Consent Judgment and Permanent Injunction.

15. Defendant shall file with the Court and serve upon Plaintiff's counsel within twenty (20) days after entry of this Consent Judgment and Permanent Injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of this Consent Judgment and Permanent Injunction.

16. Defendant shall pay Plaintiff the total sum of one thousand seven hundred and forty-nine dollars (US $1,749) in the time and manner prescribed by the parties' settlement agreement.

17. If Defendant is found by the Court to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the parties agree that Plaintiff shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

18. This Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors, assigns, and acquiring companies.

19. This permanent injunction is binding against the Defendant worldwide, without regard to the territorial scope of the specific intellectual property rights asserted in the Complaint of the above-captioned case and may be enforced in any court of competent jurisdiction wherever Defendant or their assets may be found.

Consent Judgment and Permanent Injunction    - 5
Case No. 2:24-cv-01648-MJP

**Miller Nash LLP**
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

Case 2:24-cv-01648-MJP    Document 10    Filed 12/03/24    Page 14 of 16
Docusign Envelope ID: C14858BA-DF4B-4C99-A6F5-7855922F129E
Case 2:24-cv-01648-MJP    Document 9-1    Filed 11/26/24    Page 7 of 8

20. The parties irrevocably and fully waive notice of entry of this Consent Judgment and Permanent Injunction and notice and service of the entered Consent Judgment and Permanent Injunction. Plaintiff is not required to post any bond or security in connection with this Consent Judgment and Permanent Injunction, and Defendant has permanently, irrevocably, and fully waived any right to request a bond or security.

21. The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction and awarding damages or other relief for violations thereof.

22. Nothing contained in this Consent Judgment and Permanent Injunction shall limit the right of Plaintiff to seek relief, including without limitation damages, for any and all infringements of any intellectual property rights occurring after the date of this Consent Judgment and Permanent Injunction.

23. The permanent injunction shall remain in full force and effect unless and until modified by order of this Court.

24. IT IS FURTHER ORDERED that the clerk be, and hereby is, directed to close this matter.

**Miller Nash LLP**
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

Docusign Envelope ID: C14658BA-0E4D-4C99-A6E5-7853D63DF129E

1   **SO ORDERED.**

2

3   Dated: November _____, 2024

                                      _____

4                                       HONORABLE MARSHA J. PECHMAN
                                      UNITED STATES DISTRICT JUDGE

5

6   4888-3834-0343.1

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Consent Judgment and Permanent Injunction   - 7
Case No. 2:24-cv-01648-MJP

**Miller Nash LLP**
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599